■ STANLEY FLOREA et al., Appellants-Respondents, v BANK OF NEW YORK, Respondent-Appellant. — Order, Supreme Court, New York County (Pecora, J.), entered February 6, 1981, which denied defendant's motion for an order dismissing the complaint pursuant to CPLR 3126, but granted, in the alternative, defendant's motion for partial summary judgment to the extent of limiting the plaintiffs' claims to losses which occurred prior to June 30, 1976, and denied plaintiffs' cross motion for partial summary judgment, unanimously modified, on the law, to the extent of denying defendant's motion for partial summary judgment and, as so modified, affirmed, without costs and disbursements. Regarding defendant's motion to dismiss the complaint on the ground that plaintiff Florea purposefully destroyed records relevant to the action, defendant is guilty of laches. Some 14 months have expired since the court ordered examination of this plaintiff for failure to produce documents, and four months have expired since the note of issue was filed. Also, this severe remedy is not warranted in the absence of a showing that plaintiff willfully attempted to avoid disclosure. Regarding the issue of whether defendant sent statement(s) to plaintiffs on June 30, 1976, sufficient to put plaintiffs on notice of an irregularity in the accounts respecting the new account opened by Tagliamonte, it appears that factual questions are presented barring a summary judgment relief. Statements issued in regard to the new account itself (No. 25-4843) would be sent to the address provided to the defendant by Tagliamonte. Plaintiffs deny knowledge of that account and address until November 30, 1976. Plaintiff also denies receiving a credit advice, dated June 30, 1976, which simply states that the new account (No. 25-4843) has been credited with $3,000. A subsequent debit advice, dated July 6, 1976, reflects that such account was debited by the transfer of $3,000 from the account to Burma Enterprises, Inc. Apart from the factual issues as to whether the June 30, 1976 advice would constitute sufficient notice, and when plaintiffs knew of the embezzlement, we have remarked concerning the duty of a depositor to

inspect bank statements, as follows: "The law is well settled that a depositor is under a duty to his bank to make such examination. If a depositor disregards this duty, any further losses occurring as a result of such omission must be borne by the depositor unless the bank itself is guilty of contributory negligence" (*Key Appliance v National Bank of North Amer.*, 75 AD2d 92, 97). It appears that a bank employee notarized a power of attorney allegedly signed by plaintiff Florea without ever speaking to him about it, and that it was not the bank's practice to permit deposit of checks made out to a corporate payee in a personal account without suitable indorsements. As both defendant and plaintiffs appear to be negligent, resolution of the issues raised on this record must await plenary trial. Accordingly, it is clear that there are substantial unresolved issues of fact which bear on the merits precluding summary judgment relief. Concur — Sandler, J. P., Sullivan, Ross, Lupiano and Silverman, JJ.