■ NADIA FARBER et al., Respondents, v NATIONAL WESTMINSTER BANK USA, Appellant. (Action No. 1.) NATIONAL WESTMINSTER BANK USA, Appellant, v NADIA FARBER, Respondent, et al., Defendants. (Action No. 2.) [645 NYS2d 870] —In two related actions (1) to recover the proceeds of a number of checks on which the plaintiff's signature was forged (Action No. 1) and (2) to foreclose a mortgage (Action No. 2), National Westminster Bank USA, the defendant in Action No. 1, and the plaintiff in Action No. 2, appeals from an order of the Supreme Court, Suffolk County, (Cohalan, J.), dated June 8, 1995, and entered in both actions, which (a) denied its motion for partial summary judgment dismissing the plaintiff's sixth and seventh causes of action in Action No. 1, and (b) denied its separate motion for summary judgment against the defendant Nadia Farber in Action No. 2.

Ordered that the order is affirmed, with one bill of costs.

National Westminster Bank USA (hereinafter NatWest) has failed to establish its entitlement to judgment as a matter of law dismissing the plaintiff Nadia Farber's claims with regard to the recovery of proceeds on forged checks written on Farber's home equity credit line (hereinafter HECL) account in Action No. 1. Contrary to NatWest's contentions, where both a bank and a bank customer are negligent in failing to detect a forged check-cashing scheme, the customer is not automatically barred from asserting a claim against the bank for all but the first in a series of forgeries by the same wrongdoer *(see,* UCC 4-406). Where the "customer establishes lack of ordinary

care on the part of the bank" (UCC 4-406 [2], [3]), the bar is not operable *(see, Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d 340).* The Supreme Court correctly determined that issues of fact remain with regard to NatWest's use of ordinary care.

Moreover, the so-called "standstill agreement" entered into by the parties was properly construed by the Supreme Court not to preclude Farber from asserting the bank's negligence in payment of the forged HECL checks as a defense in the foreclosure action (Action No. 2).

NatWest's further contentions are raised for the first time on appeal and therefore are not properly before us. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.