■ JEAN CURTACHIO, Individually and as President of RAINBOW LAND REAL ESTATE, INC., Respondent, v DIME SAVINGS BANK, FSB, Appellant, et al., Defendants. [712 NYS2d 868] —In an action to recover damages for the wrongful withdrawal of funds, the defendant Dime Savings Bank, FSB, appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 16, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. However, the basis for the determination, that a prior order denying summary judgment precluded consideration of a subsequent motion for summary judgment, was incorrect (*see, McNeil v Wagner Coll.*, 246 AD2d 516).

A depositor is under a duty to a bank to examine cancelled checks and statements received from the bank and to notify it promptly of any irregularity. A depositor who disregards that duty must bear any further losses occurring as a result of such omission, unless the bank itself is negligent (*see, Arrow Bldrs. Supply Corp. v Royal Natl. Bank*, 21 NY2d 428; *Florea v Bank of N. Y.*, 87 AD2d 526). Here, triable issues of fact exist as to whether the plaintiffs failed to promptly discover the claimed unauthorized signature and to so advise the appellant, and whether the appellant was negligent in paying the checks. Accordingly, the appellant was not entitled to summary judgment (*see, Farber v National Westminster Bank USA*, 229 AD2d 562). Santucci, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.