■ ALBERT HARRIS, JR., as Executor of H. SPENCER KUPPERMAN, Deceased, Respondent, v MELVIN WARE, Appellant.—Motion by Albert Harris, Jr., the executor of the estate of H. Spencer Kupperman who was the plaintiff-respondent on an appeal from an order and judgment (one paper) of the Supreme Court, Kings County, dated May 16, 1986, for (1) substitution of himself for H. Spencer Kupperman as plaintiff-respondent, (2) the reissuance of a decision and order of this court dated May 26, 1987 [130 AD2d 719], which affirmed the order and judgment of the Supreme Court, Kings County,

dated May 16, 1986, granting the plaintiff's motion for summary judgment and directing specific performance of a contract for the sale of real property by the defendant, (3) the right to inspect the premises in question prior to any closing of title, and (4) extension of a notice of pendency filed on the property on or about September 3, 1985.

Now on the papers filed in support and in opposition, it is,

Ordered that the motion is granted to the extent that (1) Albert Harris, Jr., as executor of the estate of H. Spencer Kupperman, is substituted for H. Spencer Kupperman as plaintiff-respondent, and the title of the action is amended accordingly, (2) Albert Harris, Jr. is given the right to inspect the premises upon written notice of not less than three days to be given the defendant-appellant, (3) the notice of pendency is extended for 20 days after service upon the defendant-appellant of a copy of this decision and order, and (4) the decision and order of this court, dated May 26, 1987, is recalled and vacated, and the following decision and order in favor of Albert Harris, Jr. is substituted therefor:

In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), dated May 16, 1986, which granted the plaintiff's motion for summary judgment and directed specific performance of the contract by the defendant.

Ordered that the order and judgment is affirmed, with costs, and the defendant's time to specifically perform the contract of sale is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The terms of the standard real estate contract of sale and the attached rider are unambiguous and represent the clear intentions of the parties *(Chimart Assocs. v Paul,* 66 NY2d 570; *Laba v Carey,* 29 NY2d 302, *rearg denied* 30 NY2d 694; *Levine v Shell Oil Co.,* 28 NY2d 205). The defendant's assertion of an apparent contradiction between the contractual provision that the premises would be transferred free of violations at closing and the "as is" clause is without merit. Courts will not adopt interpretations of a contract which would render it without force and effect *(see, Laba v Carey, supra,* at 308), particularly in the presence of a merger clause in that contract. Under the circumstances, the Supreme Court properly precluded the defendant from introducing parol evidence to contradict or modify the contract *(see, Fogelson v Rackfay Constr. Co.,* 300 NY 334, *rearg denied* 301 NY 552; *Katz v American Tech. Indus.,* 96 AD2d 932).

The defendant's allegations of fraudulent inducement were insufficient to preclude the granting of the plaintiff's motion for summary judgment *(see, Kypreos v Spiridellis,* 124 AD2d 786). Further, the defendant has failed to substantiate his claim that his illness prevented him from tending to his affairs *(see, Corhill Corp. v S. D. Plants, Inc.,* 9 NY2d 595). Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.