■ LAWRENCE DYCKMAN et al., Respondents, v MARIA E. BARRETT, Appellant.—In an action to recover on a promissory note, the defendant appeals, as limited by her brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered October 5, 1990, as, upon an order entered August 3, 1990, granting that branch of the plaintiffs' motion which was for summary judgment on the first cause of action to recover principal and interest due on a promissory note, is in favor of the plaintiff Lawrence Dyckman and against her in the principal sum of $19,717.02, and (2) so much of an order of the same court, dated December 6, 1990, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the judgment entered October 5, 1990, is dismissed, as that judgment was superseded by the order dated December 6, 1990, made upon renewal; and it is further,

Ordered that the order dated December 6, 1990, is reversed

insofar as appealed from, on the law, the first and third decretal paragraphs of the judgment entered October 5, 1990, and so much of the order entered August 3, 1990, as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is vacated, and that branch of the plaintiffs' motion which was for summary judgment on the first cause of action is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs commenced this action against the defendant in part, *inter alia,* to recover principal and interest due on a promissory note entered into by the parties in connection with the defendant's purchase from the plaintiffs of a haircutting salon. In opposition to the plaintiffs' motion for summary judgment, the defendant submitted an affidavit stating that because the plaintiffs were having financial problems, the parties agreed that the plaintiffs would accept $7,500 as full payment on the remaining amount of the note. The defendant also submitted a UCC-3 termination statement, allegedly signed by the plaintiff Lawrence Dyckman. On renewal of the motion for summary judgment, the defendant additionally submitted newly available evidence, to wit, the affidavit of an eyewitness who stated that on the day in question he accompanied the defendant to a parking lot where he observed a large envelope filled with cash exchanged between the plaintiff Lawrence Dyckman and the defendant.

The defendant, on renewal of the motion for summary judgment, produced evidentiary proof in admissible form sufficient to require a trial of material issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The burden of a court in deciding a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist *(see, Barr v County of Albany,* 50 NY2d 247, 254).

Although the modification of the underlying obligation on the note could not be characterized as an "accord and satisfaction" since the claim was undisputed and liquidated *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596; *Ross v Mail Order Merchandising,* 128 AD2d 514; *Ber v Johnson,* 163 AD2d 817), there still remains an issue of fact as to whether the terms of the note were modified with new consideration, i.e., by the payment of the debt or part of it before it was due *(see,* 3 Williston, Contracts § 7:27, at 495-499 [4th ed 1991]; Restatement [Second] of Contracts § 73, com-

ment *c,* illustration 7). The plaintiffs assert that there was no consideration to support a modification of the terms of the note, as Lawrence Dyckman could have elected to accelerate the loan balance and declare the entire principal balance of the note due and payable in the event of a default. However, Lawrence Dyckman, by his own admission, did not do so until he filed his verified complaint. The alleged $7,500 payment was made prior to the filing of the complaint, and at a time when the defendant was not in default on the note payments. Therefore, any alleged modification of the note was supported by consideration *(cf., Matter of King Metal Prods. v Workmen's Compensation Bd.,* 20 AD2d 565). Hence, as a matter of law, General Obligations Law § 5-1103, which requires, in *"the absence of consideration",* a writing "signed by the party against whom it is sought to enforce the change" for a valid modification of a contract, does not apply to this case.

The only legal significance of a filed UCC-3 statement is that it "reflects the termination of the security interest itself and, *ipso facto,* the effectiveness of the financing statement filed to perfect such security interest" (Bowmar, Secured Transactions in New York § 6.11, at 174). In any event, the Supreme Court improperly determined that the signature of the plaintiff Lawrence Dyckman on the UCC-3 termination statement was a forgery, as a handwriting comparison under CPLR 4536 is not appropriate on a motion for summary judgment, but, rather, gives rise to an issue of fact *(see, Felt v Olson,* 51 NY2d 977, 979; *People v Hoffman,* 111 AD2d 411; *Matter of Thomas v Coughlin,* 145 AD2d 695, 696). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.