■ CARL PASQUALINI et al., Respondents, v RICCARDO TEDESCO et al., Appellants. [669 NYS2d 940] —In an action to recover on promissory notes, the defendants appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 5, 1997, which denied the motion of the defendant Andria Tedesco for partial summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the appeals of Riccardo Tedesco and Ranado Tedesco are dismissed as they are not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly denied the motion of the defendant Andria Tedesco for summary judgment inasmuch as there exist triable issues of fact with respect to the authenticity of her signature on certain promissory notes (*see, Rudnitsky v Robbins,* 191 AD2d 488, 489; *Dyckman v Barrett,* 187 AD2d 553, 555; *Poughkeepsie Sav. Bank v Tyson,* 170 AD2d 818; *cf., Spilky v Bernard H. La Lone, Jr., P. C.,* 227 AD2d 741). Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.

■ WILLIAM PASTARNACK, Appellant, v ALISON S. PASTARNACK, Defendant, and ADRIENNE F. HAUSCH, Respondent. [669 NYS2d 940] —In a matrimonial action in which the parties were divorced by a judgment dated October 31, 1995, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Schmidt, J.), entered May 23, 1997, in favor of Adrienne Flipse Hausch and against him awarding Adrienne Flipse Hausch the sum of $6,800 for services rendered as a Law Guardian in the matrimonial action.

Ordered that the judgment is affirmed, without costs or disbursements.

Under the circumstances presented here, the Supreme Court's determination regarding the Law Guardian's fees was proper (*see, Matter of Department of Social Servs. [Wolfson] v Wolfson,* 228 AD2d 594; *Cilento v Cilento,* 225 AD2d 648; *Hughes v Hughes,* 224 AD2d 389). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.