■ SEOULBANK, NEW YORK AGENCY, Respondent, v D & J EXPORT & IMPORT CORP. et al., Defendants, and BAEK SUN LEE, Appellant. [707 NYS2d 12] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered November 10, 1998, awarding plaintiff damages and bringing up for review an order, same court and Justice, entered September 29, 1998, which, *inter alia*, granted plaintiff's motion for summary judgment against defendant Baek Sun Lee, unanimously reversed to the extent appealed, on the law, without costs, the judgment vacated and plaintiff's summary judgment motion against Baek Sun Lee denied. Appeals from orders entered September 29,

1998 and February 5, 1999 unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Baek Sun Lee's contention that this action is barred by the applicable six-year Statute of Limitations was properly rejected. The limitations period on a guaranty does not commence until the principal, here D & J Export & Import Corp. (D & J), is in default (*Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co.*, 133 AD2d 658; *see also, Columbus Trust Co. v Campolo*, 110 AD2d 616, 617, *affd* 66 NY2d 701). This occurred, at the earliest, on May 13, 1994, within six years of the March 27, 1997 commencement of this suit.

However, there is an issue of fact which precludes granting Seoulbank's motion for summary judgment against defendant Baek Sun Lee. There is a question whether defendant Lee's purported signature on the July 31, 1984 guaranty was forged by his sister, Min Cha Kim. Mr. Lee's affidavit states that he came to the United States in 1980 and that he did not comprehend, read or write English until 1985. He also denies having seen the guaranty until confronted with it in this litigation. While Mr. Lee's sister, Ms. Kim, submitted an affidavit admitting that she forged her brother's signature on the guaranty, the court disregarded Ms. Kim's affidavit because of two technical defects: (1) the notary's signature on the affidavit was illegible; and (2) there is no indication what date in April 1998 the document was notarized. The court should have ignored these technical defects and assessed whether there was an outstanding issue of the forgery of Mr. Lee's signature (*Baluchinsky v General Motors Corp.*, 248 AD2d 574, 575; *Supreme Automotive Mfg. Corp. v Continental Cas. Co.*, 97 AD2d 700; *see also, Pasqualini v Tedesco*, 248 AD2d 604; *Lane Crawford Jewelry Ctr. v Han*, 222 AD2d 214). On the merits, the court erred in conclusively determining, based upon its own comparison of the signatures on the two documents, that Mr. Lee had signed the guaranty. "[A] handwriting comparison under CPLR 4536 is not appropriate on a motion for summary judgment, but, rather, gives rise to an issue of fact" (*Dyckman v Barrett*, 187 AD2d 553, 555). Concur—Sullivan, P. J., Williams, Mazzarelli, Wallach and Lerner, JJ.