■ VANTREL ENTERPRISES, INC., Respondent, v CITIBANK, N. A., Appellant, et al., Defendants. [708 NYS2d 452] —In an action, *inter alia,* to recover damages for the payment of forged checks, the defendant Citibank, N. A., appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 3, 1999, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, Vantrel Enterprises, Inc., allegedly is a judgment creditor of NYGD, Inc. (hereinafter NYGD), a customer of the defendant Citibank, N. A. (hereinafter Citibank). In January 1999, the plaintiff commenced this action seeking to recover damages against Citibank, on the theory that Citibank had improperly charged NYGD's account for two forged checks negotiated in 1993.

On appeal, Citibank contends that the Supreme Court erred in denying its motion to dismiss the complaint insofar as asserted against it because it did not receive timely notice of the alleged forgery as required by UCC 4-406 (4). We agree. UCC

4-406 (4) bars an action to recover amounts paid by a bank on a forged instrument unless the customer gives written notice of the forgery within one year from the time the account statement is made available (see, Woods v MONY Legacy Life Ins. Co., 84 NY2d 280). Assuming that the plaintiff has standing to assert a cause of action on behalf of NYGD because a judgment creditor stands in the shoes of the judgment debtor (see, Chase Manhattan Bank v Travelers Group, 269 AD2d 107), the plaintiff here can have no rights greater than NYGD, and must establish that NYGD has a viable claim against Citibank (see, Bank of N. Y. v Stauble, 84 AD2d 530). Since it is undisputed that Citibank received no notice of the forgery allegedly committed in 1993 until the commencement of this action six years later, the claims asserted by the plaintiff on behalf of NYGD are barred by UCC 4-406(4) (see, Woods v MONY Legacy Life Ins. Co., supra; Liberman v Worden, 268 AD2d 337; Radon Constr. Corp. v Colwell, 248 AD2d 366). Accordingly, the complaint is dismissed insofar as asserted against Citibank. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.