■ Iris M. James et al., Appellants, v Albank, Respondent. [763 NYS2d 838] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated September 10, 2002, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substitut-

ing therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiffs commenced this action alleging that the balance of money held in a certificate of deposit account with the defendant bank was withdrawn without their permission or approval and that, despite due demand, the defendant failed to either account for or repay that money. The defendant alleged that the account was closed by the plaintiffs on December 22, 1999, and that the money therein was paid to them by bank check. In support of this assertion, the defendant proffered a withdrawal slip and bank check for that date evidencing the transaction, both of which are signed in the plaintiffs' names.

The plaintiffs moved for summary judgment, asserting that their purported signatures on the withdrawal slip and bank check were forged and that they never closed or received the balance of the subject account. The defendant cross-moved for summary judgment dismissing the complaint, asserting that the signatures on the withdrawal slip and bank check matched genuine examples of the plaintiffs' signatures, and that the transaction was completed pursuant to bank procedures designed to ensure that all such transactions were accompanied by proper identification. Further, it argued that the plaintiffs were precluded from challenging the genuineness of the disputed signatures pursuant to UCC 4-406 because they did not discover and notify the defendant of the problem in a timely manner. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. We modify.

In support of their motion, the plaintiffs demonstrated a prima facie entitlement to judgment as a matter of law by proffering sworn, express denials that the signatures on the withdrawal slip and bank check were genuine, and sworn, express denials that they either closed or received the moneys in the subject account. However, in opposition and in support of its cross motion, the defendant raised a triable issue of fact as to whether the signatures were genuine (see CPLR 4536; *People v Fields,* 287 AD2d 577 [2001]; *Seoulbank, N.Y. Agency v D & J Export & Import Corp.,* 270 AD2d 193 [2000]; *Dyckman v Barrett,* 187 AD2d 553 [1992]). Thus, neither party was entitled to summary judgment on the issue of the genuineness of the disputed signatures and underlying transaction.

The action is not precluded by UCC 4-406. In relevant part, that section provides: "(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries * * * the customer must exercise reasonable care and promptness to examine the statement and

items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof."

The section provides for various penalties for a customer's failure to do so, including the preclusion of claim that a signature on an item was forged (*see* UCC 4-406 [1], [2]; *see generally Monreal v Fleet Bank,* 95 NY2d 204 [2000]; *Woods v MONY Legacy Life Ins. Co.,* 84 NY2d 280 [1994]; *Vantrel Enters. v Citibank,* 272 AD2d 609 [2000]). An "item" is defined as "any instrument for the payment of money even though it is not negotiable but does not include money" (UCC 4-104 [1] [g]). The phrase "statement of account" is not defined in the UCC or by case law.

Although the transaction in dispute was evidenced by a withdrawal slip and a bank check, the defendant does not assert that either document was sent to the plaintiffs as part of a "statement of account accompanied by items paid in good faith in support of the debit entries" (UCC 4-406 [1]; *see Monreal v Fleet Bank, supra; Woods v MONY Legacy Life Ins. Co., supra; Vantrel Enters. v Citibank, supra*). Indeed, the defendant does not allege that a statement of account or items were generated for the subject account. Rather, in support of its UCC argument, the defendant relies on a 1099-INT form sent to the plaintiffs concerning the account. This is a federal tax form stating, inter alia, the interest paid on the account. The defendant argues that, based on the entry on the 1099-INT form of an early withdrawal penalty, the plaintiffs were alerted to the fact that the account was closed and should have made additional inquiries, which would have revealed the disputed transaction and the allegedly forged signatures. However, the 1099-INT form, on its face, is not a statement of account accompanied by items paid in good faith in support of debit entries (*see e.g. Woods v MONY Legacy Life Ins. Co., supra; Farber v National Westminster Bank USA,* 229 AD2d 562 [1996]; *Mansi v Gaines,* 216 AD2d 536 [1995]; *cf.* Banking Law § 9-m). For example, the form does not even indicate the balance in the account. Further, holding the 1099-INT form to be a statement of account within the meaning of UCC 4-406, and accepting the defendant's argument as to notice provided by the same, would place a duty of inquiry on the plaintiffs, as customers, that would exceed that of reasonable care and promptness imposed by the statute (*see Woods v MONY Legacy Life Ins. Co., supra*). This is especially true in light of the severity of the penalty to be imposed, i.e., claim preclusion. Thus, we conclude that this action is not precluded pursuant to UCC

4-406 based on the 1099-INT form provided to the plaintiffs by the defendant, and the defendant's cross motion for summary judgment should have been denied. Prudenti, P.J., Ritter, Luciano and Cozier, JJ., concur.