*317 OPINION OF THE COURT
Daniel R. Palmieri, J.
Defendant’s motion for summary judgment pursuant to CPLR 3212 is granted to the extent that plaintiffs common-law cause of action and his spouse’s derivative action are dismissed, and is denied to the extent that plaintiff asserts a cause of action for medical costs pursuant to Agriculture and Markets Law § 121 (10).
Plaintiff Stephen Budway alleges that on March 4, 2005, while walking his dog on Wellington Street, Mineóla, New York, he was attacked and bitten by defendant’s dog, a cocker spaniel named Casey.
Defendant’s motion is supported by examinations before trial, testimony of defendant’s daughter, who was present at the incident, an affidavit and examination before trial of the defendant, and affidavits of neighbors familiar with Casey, all attesting to Casey’s lack of any vicious propensities, and the absence of any prior vicious or dangerous conduct on his part. The court has not considered the photographs of Casey and the letter and records of Casey’s veterinarian, because they have not been authenticated or are not in affidavit form.
The plaintiff is correct that the pleadings should have been but were not attached to the moving papers. However, they were submitted in reply. (See CPLR 3212 [b].) There is no claim or showing of prejudice and in the interests of judicial economy, the court elects to entertain the motion. Further, any claim of deficiencies in the format of the affidavits submitted by the neighbors is deemed to be a curable irregularity, which was corrected by resubmission of those affidavits. (CPLR 2001.)
It is well settled that summary judgment is a drastic remedy which should not be granted where there is any doubt about the existence of a triable issue of fact. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Bhatti v Roche, 140 AD2d 660 [2d Dept 1988].) It is nevertheless an appropriate tool to weed out meritless claims. (Lewis v Desmond, 187 AD2d 797 [3d Dept 1992]; Gray v Bankers Trust Co. of Albany, N.A., 82 AD2d 168 [3d Dept 1981].) Even where there are some issues in dispute in the case which have not been resolved, the existence of such issues will not defeat a summary judgment motion if, when the facts are construed in the nonmoving party’s favor, the moving party would still be entitled to relief. (Brooks v Blue Cross of Northeastern NY., 190 AD2d 894 [3d Dept 1993].)
*318 Generally speaking, to obtain summary judgment it is necessary that the movant establish its claim or defense by the tender of evidentiary proof in admissible form sufficient to warrant the court, as a matter of law, in directing judgment in its favor (CPLR 3212 [b]), which may include deposition transcripts and other proof annexed to an attorney’s affirmation. (Oian v Farrell Lines, 64 NY2d 1092 [1985].) Absent a sufficient showing, the court should deny the motion, irrespective of the strength of the opposing papers. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985].)
If a sufficient prima facie showing is made, however, the burden then shifts to the nonmoving party. To defeat the motion for summary judgment the opposing party must come forward with evidence to demonstrate the existence of a material issue of fact requiring a trial. (CPLR 3212 [b]; see also GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980].) The nonmoving party must lay bare all of the facts at its disposal regarding the issues raised in the motion. (Mgrditchian v Donato, 141 AD2d 513 [2d Dept 1988].) Conclusory allegations are insufficient (Zuckerman v City of New York, 49 NY2d 557 [1980], supra), and the defending party must do more than merely parrot the language of the complaint or bill of particulars. There must be evidentiary proof in support of the allegations. (Fleet Credit Corp. v Hutter & Co., 207 AD2d 380 [2d Dept 1994]; Toth v Carver St. Assoc., 191 AD2d 631 [2d Dept 1993].)
However, the court must draw all reasonable inferences in favor of the nonmoving party. (Nicklas v Tedlen Realty Corp., 305 AD2d 385 [2d Dept 2003]; Rizzo v Lincoln Diner Corp., 215 AD2d 546 [2d Dept 1995].) The role of the court in deciding a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but simply to determine whether such issues of fact requiring a trial exist. (Dyckman v Barrett, 187 AD2d 553 [2d Dept 1992]; Barr v County of Albany, 50 NY2d 247, 254 [1980]; James v Albank, 307 AD2d 1024 [2d Dept 2003]; Heller v Hicks Nurseries, 198 AD2d 330 [2d Dept 1993].)
The court need not, however, ignore the fact that an allegation is patently false or that an issue sought to be raised is merely feigned. (See Village Bank v Wild Oaks Holding, 196 AD2d 812 [2d Dept 1993]; Barclays Bank of N.Y. v Sokol, 128 AD2d 492 [2d Dept 1987].)
With respect to cases involving injuries by reason of the action of domestic animals, the law is
*319 “that owners of domestic animals could be held strictly liable for harm caused by an animal, where it is established that the owner knew or should have known of the animal’s vicious propensities and harm is caused as a result of those propensities. The strict liability rule can be traced back to the 1816 case of Vrooman v Lawyer (13 Johns 339 [1816]). Knowledge of vicious propensities may be established by proof of an animal’s attacks of a similar kind of which the owner had notice, or by an animal’s prior behavior that, while not necessarily considered dangerous or ferocious, nevertheless reflects a proclivity to place others at risk of harm. Factors to be considered in determining whether an owner has knowledge of a dog’s vicious propensities include 1) evidence of a prior attack, 2) the dog’s tendency to growl, snap, or bare its teeth, 3) the manner of the dog’s restraint, 4) whether the animal is kept as a guard dog, and 5) a proclivity to act in a way that puts others at risk of harm.” (Petrone v Fernandez, 53 AD3d 221, 225 [2d Dept 2008], revd on other grounds 12 NY3d 546 [2009] [citations omitted], citing Bard v Jahnke, 6 NY3d 592 [2006].)
In Petrone (supra), the Court of Appeals, in reversing, held that liability of an owner is determined solely by application of the above rule, and emphasized that the cause of action is not based on a theory of negligence but on a rule of strict liability. Rejected as irrelevant was the plaintiffs claim that negligence should be applied where an owner violates a local leash law. (12 NY3d at 550.)
Here, by way of her submission, defendant has established a prima facie case for summary judgment as to the strict liability claim. In opposition, plaintiff has failed to demonstrate the presence of a triable issue of fact with regard to knowledge or notice of vicious propensities. (Collier v Zambito, 1 NY3d 444, 446-447 [2004]; see Bard v Jahnke, 6 NY3d 592 [2006], supra; Palumbo v Nikirk, 59 AD3d 691 [2d Dept 2009]; cf. Dykeman v Heht, 52 AD3d 767 [2d Dept 2008].)
Except for the claim that Casey was noted to be barking while at the window of the defendant’s home, there is a complete lack of evidence of any prior conduct, behavior or actions on his part that would give rise to the imposition of strict liability upon defendant.
Although not pleaded as a cause of action in the complaint, plaintiff in opposition asserts a claim under Agriculture and *320 Markets Law § 121 (10). That subdivision, as quoted below and read in conjunction with the definition of a “dangerous dog” as set forth in section 108 (24), imposes a statutorily created liability for medical costs upon the owner of such dog for medical costs, as follows:
“10. The owner or lawful custodian of a dangerous dog shall, except in the circumstances enumerated in subdivisions four and eleven of this section, be strictly liable for medical costs resulting from injury caused by such dog to a person, companion animal, farm animal or domestic animal.” (Agriculture and Markets Law § 121 [10].)
The definition of a dangerous dog has been interpreted to require a finding of such condition by a court. (See Town of Hempstead v Lindsey, 25 Misc 3d 1235[A], 2009 NY Slip Op 52420[U] [Nassau Dist Ct 2009].) However, section 121 (10), unlike the section which precedes it, does not require that a dog was previously found to be a “dangerous dog” as a condition to holding the owner strictly liable for medical costs.
People v Jornov (65 AD3d 363 [4th Dept 2009]), which reversed a euthanization order, dealt with section 121 (2), which requires a dangerous dog determination as a precondition to how the dog will be punished for its aberrant behavior. But the omission of a predicate finding of dangerousness from the medical cost provision leads to the conclusion that the Legislature intentionally created a cause of action for medical costs resulting from an injury caused by a dog to a person (and certain animals) and that liability for such costs may be established simply by showing an attack without justification, which is the definition of a “dangerous dog” under section 108 (24). (See Christensen v Lundsten, 21 Misc 3d 651 [Suffolk Dist Ct 2008].)
Despite the failure to have pleaded a cause of action for relief under the Agriculture and Markets Law, a plaintiff may oppose a motion for summary judgment by relying on an unpleaded cause of action. (Falkowski v Krasdale Foods, Inc., 50 AD 3d 1091 [2d Dept 2008].) Here, the facts recited in the complaint, coupled with the opposition to this motion and the plaintiffs own deposition testimony as to the circumstances of the incident and medical costs incurred, are sufficient to raise an issue of fact as to a claim based on Agriculture and Markets Law § 121 (10).
*321 Based on the foregoing, plaintiffs common-law cause of action and his spouse’s derivative claim are dismissed. However, the motion is denied to the extent that plaintiff has raised a statutory claim for medical costs and demonstrated the presence of issues of fact with respect to such claim.