Bernstein v Bank of Am. (2019 NY Slip Op 04671)





Bernstein v Bank of Am.


2019 NY Slip Op 04671


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-11272
 (Index No. 4974/15)

[*1]Jacob Bernstein, etc., et al., appellants, 
v
Bank of America, respondent.


Marino & Bernstein, Oyster Bay, NY (Jacob Bernstein pro se of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Constantine A. Despotakis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated August 8, 2016. The order, in effect, granted that branch of the defendant's motion which was for leave to reargue its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated January 25, 2016, and, upon reargument, vacated so much of the order dated January 25, 2016, as denied the defendant's prior motion for summary judgment dismissing the complaint, and thereupon granted the defendant's prior motion.
ORDERED that the order dated August 8, 2016, is affirmed, with costs.
The plaintiffs commenced this action to recover $114,175.42 that they allegedly lost as a result of the defendant bank honoring 23 forged checks between April 6, 2010, and December 23, 2010. The defendant moved for summary judgment dismissing the complaint, arguing, among other things, that it was shielded from liability by the plaintiffs' failure to report the allegedly unauthorized signatures within the time required by UCC 4-406(4) or within the time required by the governing account agreements. In an order dated January 25, 2016, the Supreme Court denied the motion on the ground that the defendant failed to submit evidence that copies of the checks at issue were made available to the plaintiffs. The defendant moved for leave to renew and reargue its motion, arguing that the court had overlooked the fact that on its original motion, the defendant had submitted copies of the plaintiffs' statements for the relevant period of time, which contained copies of all of the checks at issue, and which were duly mailed to the plaintiffs. In an order dated August 8, 2016, the court, in effect, granted that branch of the motion which was for leave to reargue and, upon reargument, granted the defendant's prior motion for summary judgment dismissing the complaint. The plaintiffs appeal from the August 8, 2016, order. We affirm.
"The UCC imposes strict liability on a bank that charges against a customer's account any item not properly payable, such as a check bearing a forgery of the customer's signature" (Woods v MONY Legacy Life Ins. Co., 84 NY2d 280, 283; see UCC 4-401[1]; Monreal v Fleet Bank, 95 NY2d 204, 207). A bank may avoid such liability, however, under UCC 4-406(4), which places a duty on the customer to discover and report an unauthorized signature within one year from the time "the statement or items are made available to the customer." A customer who fails to do so "is [*2]precluded from asserting against the bank the unauthorized signature," without regard to any lack of care on the part of the bank (UCC 4-406[4]; see Clemente Bros. Contr. Corp. v Hafner-Milazzo, 23 NY3d 277, 284-285; Woods v MONY Legacy Life Ins. Co., 84 NY2d at 284). Furthermore, the parties can shorten the one-year period by agreement, so long as the abbreviated period is not "manifestly unreasonable" (Clemente Bros. Contr. Corp. v Hafner-Milazzo, 23 NY3d at 289).
Here, on its motion for summary judgment, the defendant had submitted evidence that, pursuant to the terms of the agreement governing the relevant account, the parties had agreed that the period of time in which the plaintiffs were obligated to examine drafts and statements and report any forgeries to the bank would be 60 days for the first unauthorized transaction and 30 days for repeat forgeries. The defendant also submitted evidence that, during the period of time of the alleged forgeries, it had mailed monthly statements to the plaintiffs, that the statements had included copies of the allegedly forged checks, and that the plaintiffs did not notify the defendant of any suspected problems or unauthorized transactions prior to commencing the instant action in about June 2015.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that the monthly statements and canceled checks were "made available" to the plaintiffs within the meaning of UCC 4-406(4), thus triggering the notice requirement, and that the plaintiffs did not report each of the alleged forgeries until they commenced this action more than four years later, well outside of the statutory or contractual reporting period (see Clemente Bros. Contr. Corp. v Hafner-Milazzo, 100 AD3d 677, 679, mod on other grounds 23 NY3d 277; Josephs v Bank of N.Y., 302 AD2d 318; Vantrel Enters. v Citibank, 272 AD2d 609, 610; see also Woods v MONY Legacy Life Ins. Co., 84 NY2d at 285-286). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs' remaining contentions are without merit.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court