**Macdougal & Sixth Realty LLC v Vergine**

2024 NY Slip Op 32297(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 152221/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

------------------------------------------------------------------X

MACDOUGAL & SIXTH REALTY LLC,

          Plaintiff,

     - v -

RICHARD VERGINE, AS THE EXECUTOR OF THE
ESTATE OF JEFFREY M. APPLEGATE

          Defendant.

------------------------------------------------------------------X

RICHARD VERGINE, AS THE EXECUTOR OF THE ESTATE
OF JEFFREY M. APPLEGATE

          Plaintiff,

     -against-

ALTA CUCINA LLC

          Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152221/2021 |
| MOTION DATE | 05/11/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595590/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143

were read on this motion to/for            DISMISSAL         .

Upon the foregoing documents, and after oral argument, where Adam Pollack, Esq. appeared for Plaintiff Macdougal & Sixth Realty LLC ("Plaintiff") and R. Brent English, Esq. appeared for Defendant/Third-Party Plaintiff Richard Vergine as the executor of the Estate of Jeffrey M. Applegate ("Defendant"), Defendant's motions for summary judgment and motion to dismiss based on documentary evidence are denied. Plaintiff's cross motion to amend its pleadings is granted.

[* 1]

## I. Background

This is an action attempting to recover sums allegedly owed under a written guaranty (*see generally* NYSCEF Doc. 1). Plaintiff owns the building located at 260-262 Sixth Avenue and 264 Sixth Avenue (the "Building") (*id.* at ¶ 2). Plaintiff alleges it entered into a written lease agreement in June of 2017 with Third-Party Defendant Alta Cucina LLC ("Tenant") (*id.* at ¶ 4). Plaintiff alleges that Jeffrey M. Applegate ("Guarantor") executed a guaranty of the lease on July 15, 2017 (the "Guaranty") (*id.* at ¶ 5). Tenant defaulted on the terms of the lease and Plaintiff now seeks to recover against the Estate of Jeffrey M. Applegate[1] as the guarantor.

Defendant moves to dismiss the complaint on the grounds that the guaranty was forged. Defendant retained a handwriting expert who concluded that Mr. Applegate never signed the Guaranty. Defendant argues the Guaranty is not enforceable. Plaintiff cross-moves to amend the Complaint and opposes Defendant's motion. Plaintiff argues there are issues of fact and credibility which preclude summary judgment. Plaintiff argues that Mr. Applegate is referred to as the guarantor throughout the lease and authorized a background check into his credit and employment history in order to enter the lease. In reply, Defendant argues that Plaintiff's opposition is based on speculation. Defendant also opposes Plaintiff's cross motion to amend because it claims prejudice from the amendment.

*[The remainder of this page is intentionally left blank.]*

---

[1] Mr. Applegate passed away on September 4, 2021.

**152221/2021   MACDOUGAL & SIXTH REALTY LLC vs. APPLEGATE, JEFFREY**           **Page 2 of 5**
**Motion No.  003**

## II.    Discussion

### A.    Standard[2]

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980];

### B.    Defendant's Motion

Defendant's motion is denied. Viewing the facts in the light most favorable to the non-movant, the Court finds there is a triable issue of fact as to whether the signature was forged. Although Defendant cites to *Knight v New York and Presbyterian Hospital*, 219 A.D.3d 75 (1st Dept 2023), where the First Department held the validity of a decedent's signature raised an issue of fact as to authenticity – it did not explicitly state that where validity is disputed, the signed document can be held, as a matter of law, as unenforceable. First Department precedent have likewise held where the validity of a signature is called into question, whether the signature constitutes a forgery and voids the contract becomes a triable issue of fact (*see e.g. Seouylbank, New York Agency v D&J Export & Import Corp.*, 270 AD2d 193 [1st Dept 2000]; *Lane Crawford Jewelery Center, Inc. v Han*, 222 AD2d 214 [1st Dept 1995]; *Diplacidi v Gruder*, 135 AD2d 395

---

[2] While Plaintiff moved to dismiss under CPLR 3211(a)(1) and CPLR 3212, because the Court construes documentary evidence on a CPLR 3212 motion, the Court elects to assess the merits of Plaintiff's motion under the rubric of CPLR 3212.

**152221/2021   MACDOUGAL & SIXTH REALTY LLC vs. APPLEGATE, JEFFREY**
**Motion No.  003**

Page 3 of 5

[* 3]

[1st Dept 1987]). Moreover, discovery is not yet complete, and Plaintiff may still retain its own handwriting expert to dispute Defendants' expert opinion.

There are further triable issues of fact as to whether Mr. Applegate knew he would be acting as a guarantor. For instance, Mr. Applegate signed a background authorization and submitted to a background report in order to induce Plaintiff to enter the lease (*see* NYSCEF Docs. 126-127). The Lease Rider in multiple paragraphs likewise names Mr. Applegate as the guarantor and Mr. Applegate represented on an application for a liquor license that he owned a 60% interest in the tenant. Viewing the facts in the light most favorable to Plaintiff, there are triable issues of fact as to whether the signature on the guaranty is a forgery and if Mr. Applegate consented to being guarantor (*Birnbaum v Hyman*, 43 AD3d 374 [1st Dept 2007]).

### C. Plaintiff's Cross-Motion

Plaintiff's cross-motion is granted. Leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Although Defendant claims they are prejudiced in responding to Plaintiff's allegations related to estoppel and reliance because Mr. Applegate is now dead, the Plaintiff is equally prejudiced in responding to Defendant's forgery assertions and proving their estoppel theory as a result of Mr. Applegate's death. Moreover, as Defendant is mounting as its chief defense that Mr. Applegate never signed the guaranty, it should come as no surprise to Defendant that Plaintiff would attempt to assert an estoppel/reliance theory of liability. The Court finds that the proposed amendment is not patently devoid of merit, and under the liberal

**152221/2021  MACDOUGAL & SIXTH REALTY LLC vs. APPLEGATE, JEFFREY**
**Motion No.  003**

**Page 4 of 5**

[* 4]

4 of 5

standard afforded by the CPLR, the prejudice is not so substantial so as to deny Plaintiff's cross-motion.

Accordingly, it is hereby,

ORDERED that Defendant's motion is denied in its entirety; and it is further

ORDERED that the Plaintiff's cross-motion for leave to amend the complaint herein is granted, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the Defendant shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

ORDERED that counsel are directed to appear for a status conference in Room 442, 60 Centre Street, on July 31, 2024 , at 9:30 a.m. Should the parties stipulate to a proposed discovery order outlining remaining discovery, they are directed to e-mail same to SFC-Part33-Clerk@nycourts.gov by July 29, 2024, which may obviate the need to appear at the July 31, 2024 conference; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/8/2024 | | _Mey V Rosad JSC_ |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152221/2021   MACDOUGAL & SIXTH REALTY LLC vs. APPLEGATE, JEFFREY**
**Motion No. 003**

Page 5 of 5