■ ANTHONY V. DUB, Respondent-Appellant, v 47 EAST 74TH STREET CORPORATION et al., Appellants-Respondents. [611 NYS2d 198] —Order, Supreme Court, New York County (Peter Tom, J.) entered April 23, 1993, which, *inter alia,* granted plaintiff's cross motion for summary judgment directing return of a contract deposit, unanimously affirmed, without costs.

The IAS Court correctly held that defendant seller, who created law day by sending plaintiff buyer a "time of the essence" letter, was required to tender performance of his obligations on law day *(Grace v Nappa,* 46 NY2d 560, 565), including that the premises be transferred free and clear of all violations of law or municipal ordinances and also that Division of Housing and Community Renewal (DHCR) filings be brought up to date. Since at closing defendant admittedly did not have the updated DHCR forms and certain building violations had not been discharged of record, plaintiff buyer could declare defendant in default and demand return of the contract deposit. The case is distinguishable from *Gray v Wallman & Kramer* (184 AD2d 409), since there a question existed whether the seller could have obtained a satisfaction of the mortgage prior to the end of law day. Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.