■ ANGELINA CAPOZZOLA, as Executrix of ANGELO MOTTOLA, Deceased, et al., Respondents, v LAURENCE A. OXMAN et al.,

Appellants. [628 NYS2d 777] —In an action to recover damages for breach of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 25, 1994, which, *inter alia,* incorporated a prior order of the same court dated January 25, 1994, granting the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contentions, the Supreme Court properly determined that the plaintiff Angelina Capozzola had the authority as executrix of the estate of Angelo Mottola to enter into a contract to sell them a parcel of land held by the estate. Although Capozzola was issued letters testamentary in 1947 and the contract of sale was entered into in 1989, this mere passage of time did not extinguish her discretionary power of sale *(see, Clifford v Morrell,* 22 App Div 470). Moreover, the release and discharge of executrices dated December 30, 1950, and given in connection with an interim accounting, neither terminated her authority nor constituted an unequivocal election by all of the beneficiaries to take the property in-kind *(see, Matter of Fello,* 88 AD2d 600, *affd* 58 NY2d 999).

In addition, pursuant to SCPA 703 (1), "letters granted by the court are conclusive evidence of the authority of the persons to whom they are granted" and may not be collaterally attacked in a proceeding such as the instant one *(Holden v Alexander,* 39 AD2d 476). The certificate of letters testamentary issued by the Surrogate's Court in October 1993 is further evidence of Capozzola's continuing authority to act *(see,* SCPA 703 [2]).

The Supreme Court also properly determined that the defendants' June 17, 1992, election not to purchase the property, made a few weeks prior to the scheduled closing date, constituted an anticipatory breach of the contract. "In order to place the vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title" *(Ilemar Corp. v Krochmal,* 44 NY2d 702, 703; *Oxford Funding Corp. v James H. Northrup, Inc.,* 130 AD2d 722).

Here, the defendants failed to show that any defects in title were incurable *(see,* 91 NY Jur 2d, Real Property Sales and Exchanges, § 145), and failed to tender performance or to demand good title from the plaintiffs. Thus, the defendants never placed the plaintiffs in default, and their June 17, 1992, election not to purchase the property was a repudiation of the contract. Since the defendants' conduct constituted an anticipatory

breach of the contract, the plaintiffs were entitled to retain the down payment as liquidated damages pursuant to the contract of sale and were entitled to the further relief granted by the Supreme Court. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.