■ FOUR ACES JEWELRY CORP., Respondent, v JEFFREY D. SMITH et al., Appellants and Third-Party Plaintiffs. PROTECT-ALL SECURITY SERVICE, INC., Third-Party Defendant-Appellant. [684 NYS2d 224] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 2, 1998, which, *inter alia*, denied in part the motions of defendants Jeffrey D. Smith, 104 West 29th Street Realty Company and Protect-All Security Service, Inc. for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion of defendant Protect-All Security Service, Inc. for summary judgment dismissing the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Protect-All Security Service, Inc. dismissing the complaint as against it.

Plaintiff, a jewelry business located in a diamond district building owned by defendants Smith and 104 West 29th Street Realty, commenced this lawsuit to recover damages resulting from the burglary of its premises. In addition to suing the own-

ers, plaintiff has sued Protect-All Security Service, Inc., the entity retained by defendant owners to provide an unarmed security guard for the lobby of the subject building during business hours. Presently at issue are the motion court's denials of the separate motions of the owner and security corporation defendants for summary judgment dismissing the complaint.

We affirm the denial of the owners' motion. In light of evidence of a prior burglary at the subject diamond district building, triable issues are raised as to whether the owners' proprietary duty to take minimal security precautions to protect their tenants from the criminal acts of third parties was satisfied simply by their posting of a lone, unarmed lobby security guard during daytime business hours (*see, Rudel v National Jewelry Exch. Co.*, 213 AD2d 301). In addition, in light of evidence supporting the inference that the burglars gained admission to the subject building during business hours on the day preceding their entry into plaintiff's leasehold and remained undetected upon the premises until the early morning hours when the crime was consummated, there are also triable issues as to whether any demonstrated failure by the owner defendants to provide the requisite level of premises security proximately caused plaintiff's harm.

We modify, however, to grant the summary judgment motion of defendant Protect-All. The undisputed deposition testimony of witnesses for Protect-All and the owners established that Protect-All's undertaking was made to the owners and not to the tenants and was limited to the provision of an unarmed guard for the lobby area of the building during weekday business hours. This limited undertaking did not give rise to a duty of care to a party such as plaintiff with whom Protect-All was not in privity (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226-227; *Rudel v National Jewelry Exch. Co.*, 213 AD2d 301, *supra; compare, Palka v Servicemaster Mgt. Servs. Corp.* 83 NY2d 579, 588). Concur—Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.