■ TODD H. ENGELS et al., Appellants, v ROBERT FRENCH et al., Respondents, et al., Defendants. [711 NYS2d 487] —In an action, *inter alia,* to recover damages for breach of a contract to purchase real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered July 1, 1999, as denied their motion for summary judgment on the first, fourth, and fifth causes of action to rescind the contract and to recover the down payment, and granted those branches of the cross motion of the defendants Robert French and Suzanne French which were for summary judgment on the first and third counterclaims to retain the down payment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the plaintiffs, the purchasers of the subject property, had declared that time was of the essence and had advised the respondents that the closing had to occur by May 13, 1998, they cancelled the contract of sale on May 11, 1998, after discovering that the basement was not free of leaks as required by the contract. Because the defendants were entitled to attempt to cure the leakage problem before the law date, the Supreme Court properly concluded that the plaintiffs had anticipatorily breached the contract, and properly awarded summary judgment to the defendants on their counterclaims to retain the down payment (*see, Ilemar Corp. v Krochmal,* 44 NY2d 702; *Cohen v Kranz,* 12 NY2d 242, 246-247; *R.C.P.S. Assocs. v Karam Developers,* 258 AD2d 510; *Capozzola v Oxman,* 216 AD2d 509; *Lipshy v Sabbeth,* 134 AD2d 409). Contrary to our dissenting colleague's conclusion, the plaintiffs

failed to submit any evidence that the leaking condition could not be cured by the law date and, therefore, there is no triable issue of fact as to whether the plaintiffs breached the contract. The case relied upon by the dissent, *Oak Bee Corp. v Blankman & Co.* (154 AD2d 3, 8), is distinguishable, because in that case there was evidence that the party charged with fulfilling the condition to the subject contract would not be able to perform by the law date. Bracken, J. P., Joy and Feuerstein, JJ., concur.

McGinity, J., dissents in part and votes to modify the order appealed from by deleting the provision thereof which granted those branches of the cross motion which were for summary judgment on the respondents' first and third counterclaims and substituting therefor a provision denying those branches of the cross motion, with the following memorandum: On February 26, 1998, the plaintiffs (hereinafter the purchasers) entered into a contract, whereby the defendants Robert French and Suzanne French (hereinafter the sellers) agreed to sell the subject premises, 34 Sunnyridge Road, Harrison, for a purchase price of $595,000. The contract set a closing date on or about April 13, 1998. In accordance with the terms of the contract, the purchasers gave the sellers a down payment of $59,500. Paragraph 8 to Rider I of the contract provided as follows: "The premises shall be delivered vacant and broom clean, and the plumbing, heating and electrical systems and the air conditioning shall be in working order on the date of closing and the roof and basement shall be free of leaks." The fact that the basement was subject to leaks was known by the sellers. They signed a seller's disclosure statement dated November 3, 1997, which asked whether there had been any water leakage in the basement of the subject premises. The sellers checked the box marked "YES" and wrote in the following response— "minor floor water during extensive rain—water does not accumulate". This disclosure statement was furnished to the sellers' broker, the defendant Coldwell Banker Real Estate Corporation.

The closing did not take place on the date specified, April 13, 1998, because it was postponed by the sellers. On April 15, 1998, the purchasers, having been advised that the interest rate on their loan would expire on May 13, 1998, made time of the essence and set a closing date for May 13, 1998. Thereafter, the parties agreed to schedule a closing for May 11, 1998.

On the date of closing, May 11, 1998, the purchasers conducted a pre-closing inspection wherein they discovered that the basement was inundated with water and had suffered water damage. The purchasers' engineer inspected the base-

ment that day. The engineer concluded that substantial work would be required to rectify the water damage and repair the leaks so that the premises could be delivered "free of leaks" as provided by the terms of the contract. The proposed work included the installation of a pumping system, an interior perimeter drain to be cut into the concrete floor, and the placement of drywells in the lawn area at least 25 feet from the foundation of the premises. The engineer estimated the cost of these repairs to be approximately $20,000.

The parties then met for the scheduled closing. It appeared that the necessary repairs to the basement to deliver the premises "free of leaks" could not be made by the law date, May 13, 1998, some 48 hours later. With the parties unable to agree on an amount of the sellers' money to be held in escrow pending correction of the leakage problem, the purchasers exercised their contractual right to terminate the contract concluding that the sellers could not complete the necessary work by May 13, 1998.

Upon the sellers' failure to return the contract down payment, this action ensued. Each party moved for partial summary judgment, the principal issue being whether the purchasers properly terminated the contract. The Supreme Court, finding that the purchasers' cancellation of the contract was an anticipatory breach, determined that the sellers were entitled to retain the $59,500 down payment.

In my view, clear issues of fact are presented as to whether the sellers could have remedied the leaks in the basement by the law date. Accordingly, the Supreme Court improperly granted summary judgment to the sellers. It is well settled that " '[o]nce it becomes clear that one party will not live up to the contract, the aggrieved party is relieved from the performance of futile acts' " (*Oak Bee Corp. v Blankman & Co.*, 154 AD2d 3, 8). Further, where time is of the essence, as in the case at bar, each party must tender performance on the *law date* unless the time for performance is extended by mutual agreement (*cf., Grace v Nappa*, 46 NY2d 560, 565). Thus, the purchasers were clearly within their rights to demand that the basement leak be corrected by the law date.

Here, there is no dispute that, notwithstanding their knowledge that the basement leaked, the sellers agreed to deliver the premises, including the basement, free of leaks. Since the closing had to occur by May 13, 1998, the parties were required to tender performance by that date (*see, Grace v Nappa, supra*). A triable issue of fact is presented as to whether the sellers could have cured their default by May 13, 1998, precluding the

grant of summary judgment (*see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *cf., Lipshy v Sabbeth,* 134 AD2d 409). Accordingly, the sellers were not entitled to retain the $59,500 down payment as a matter of law.