■ S&S MANAGEMENT, LLC, et al., Appellants, v GEORGE E. BERK et al., Respondents. [884 NYS2d 888]—

In an action to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated May 21, 2008, as granted that branch of the defendants' motion which was for summary judgment rescinding the contract and directing that the down payment be returned, and denied their cross motion for summary judgment, inter alia, directing that the down payment be released to the plaintiff S&S Management, LLC, by the plaintiff Tashlik, Kreutzer, Goldwyn & Crandell, P.C., and (2) so much of a judgment of the same court entered August 21, 2008, as, upon the order, dismissed the complaint, adjudged, decreed, and declared that the subject contract was rescinded, and assessed interest on the principal sum to be paid to the defendants at a rate of 9% per annum from August 21, 2007, the date when the plaintiff Tashlik, Kreutzer, Goldwyn & Crandell, P.C., deposited the down payment into its attorney trust account, through May 21, 2008, the date of the court's order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof adjudging, decreeing, and declaring that the contract was rescinded, and substituting therefor a provision adjudging, decreeing, and declaring the contract to be void ab initio; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence demonstrating that, despite its representation in a contract of sale that it was the sole owner of the subject premises with the authority to convey the premises to the defendants, the plaintiff S&S Management, LLC (hereinafter S&S Mgt), was not the record titleholder at the time the contract was executed. The contract

was thus void ab initio (*see Mix v Neff*, 99 AD2d 180, 182 [1984]), and the defendants were entitled to the return of their down payment (*see Nikolis v Reznick*, 214 AD2d 658 [1995]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). For the same reasons the plaintiffs failed to establish entitlement to judgment as a matter of law on their cross motion for summary judgment.

The court did not improvidently exercise its discretion in assessing and awarding interest to the defendants at a rate of 9% per annum from August 21, 2007, the date when the plaintiff law firm Tashlik, Kreutzer, Goldwyn & Crandell, P.C., deposited the down payment into its attorney trust account, through May 21, 2008, the date of the court's order (*see* CPLR 5001 [a], [b]; *Astrada v Archer*, 51 AD3d 954 [2008]). Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.