■ DENNIS ARDI et al., Appellants, v JOHN S. MARTIN et al., Respondents. [915 NYS2d 106]—

In an action, inter alia, to recover a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Sgroi, J.), entered October 20, 2009, as, upon an order of the same court dated June 4, 2009, granting that branch of the defendants' motion which was to dismiss the first amended complaint pursuant to CPLR 3211 (a) (1), is in favor of the defendants and against them dismissing the first amended complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the defendants did not make a misrepresentation in the contract of sale that they were the sole owners of the subject premises. On the date the contract of sale was executed, the defendants were the sole record own-

ers of the subject premises pursuant to a deed dated September 17, 2007 (*cf. S&S Mgt., LLC v Berk*, 65 AD3d 1031 [2009]). The subsequent correction deed dated September 30, 2008, which was executed after the contract of sale was executed, merely corrected the percentages of interest conveyed in the September 17, 2007, deed, and did not create a misrepresentation on the part of the defendants (*cf. People v Tompkins-Kiel Marble Co.*, 269 NY 77 [1935]). Moreover, on the date of the closing, the title company had omitted its exception based on the percentages of interest conveyed in the September 17, 2007, deed, and there was no dispute that the defendants were the sole owners of the premises (*cf. S&S Mgt., LLC v Berk*, 65 AD3d 1031 [2009]).

Furthermore, "[i]n order to place the vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title" (*R.C.P.S. Assoc. v Karam Devs.*, 258 AD2d 510 [1999], quoting *Capozzola v Oxman*, 216 AD2d 509, 510 [1995]). Here, the plaintiffs never appeared at the closing, never tendered performance or demanded good title, and failed to demonstrate that any alleged defects in title were incurable. Consequently, the plaintiffs never placed the defendants in default and, thus, were not entitled to recover their down payment (*see Ilemar Corp. v Krochmal*, 44 NY2d 702, 703 [1978]; *R.C.P.S. Assoc. v Karam Devs.*, 258 AD2d at 510; *Capozzola v Oxman*, 216 AD2d at 510).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first amended complaint pursuant to CPLR 3211 (a) (1). Covello, J.P., Eng, Chambers and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32407(U).]**