Lamarche Food Prods. Corp. v 438 Union, LLC (2019 NY Slip Op 08995)





Lamarche Food Prods. Corp. v 438 Union, LLC


2019 NY Slip Op 08995


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-09457
2018-11473
 (Index No. 606095/17)

[*1]Lamarche Food Products Corp., et al., respondents,
v
438 Union, LLC, appellant.


The Law Office of Russell D. Morris PLLC, New York, NY, for appellant.
Novak Juhase & Stern, LLP, Cedarhurst, NY (Alexander Novak of counsel; Tzvi H. Novak on the brief), for respondents.



DECISION & ORDER
In an action, inter alia, to retain a down payment made upon a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 5, 2018, and (2) a judgment of the same court entered July 23, 2018. The order granted the plaintiffs' motion for summary judgment on the amended complaint and denied the defendant's cross motion for summary judgment on its counterclaims. The judgment, upon the order, is in favor of the plaintiffs and against the defendant directing the escrow agent to release the down payment to the plaintiffs, awarding the plaintiffs attorneys' fees in the sum of $20,000, and dismissing the counterclaims.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Lamarche Food Products Corp. (hereinafter Lamarche Food) is the owner of certain real property in Brooklyn upon which sits a mixed-use residential and commercial building. Although Lamarche Food was dissolved by proclamation dated June 24, 1992, as of June 2016, it had not sold the subject property. Lamarche Food, by its president, the plaintiff Guy Lamarche, entered into a contract dated June 27, 2016, to sell the property to the defendant in exchange for $3,900,000. The defendant made a $200,000 deposit at the time the contract was executed. The contract provided that time was of the essence and that if closing did not occur within 365 days, the defendant could terminate the contract and obtain the return of the deposit. The contract also provided that if the defendant defaulted on any obligation under the contract, Lamarche Food's sole remedy would be to retain the deposit as liquidated damages.
A title report dated July 4, 2016, ordered by the defendant's attorney, disclosed that Lamarche Food was dissolved in 1992, which the report identified as an exception that would need further attention. Shortly after the title report was issued, the plaintiffs' attorney provided certain documents to the title company, and it was determined that the issue would be resolved by putting certain language into the deed transferring title indicating that the transfer was being done to wind up Lamarche Food's business.
On April 20, 2017, the plaintiffs' attorney informed the defendant's attorney that Lamarche Food was ready to close, the residential tenants had vacated the premises, as required by the contract, and the commercial tenants would vacate upon instruction. When the defendant failed to provide a closing date, the plaintiffs' attorney informed the defendant's attorney that closing would occur on June 26, 2017, at 2:00 p.m. at the office of the plaintiffs' attorney.
By letter dated June 23, 2017, a new attorney for the defendant informed the plaintiffs' attorney that Lamarche Food had defaulted on its obligations under the contract of sale inasmuch as it had represented therein that it was a New York corporation authorized to carry on its business in New York, with all the power and authority to enter into and perform the contract, and yet Lamarche Food was dissolved on June 24, 1992, and, therefore, was not a registered corporation in New York capable of engaging in new business. The defendant's attorney further stated that in light of the breach, the defendant demanded a refund of its deposit within 10 days. The plaintiffs' attorney responded by email dated June 23, 2017, stating that Lamarche Food was prepared to close on June 26, 2017, pursuant to the terms of the contract, and a failure to close on that date would be deemed a default by the defendant. It is undisputed that the closing did not occur.
The plaintiffs commenced this action to retain the down payment and for an award of attorneys' fees pursuant to the contract of sale. The amended complaint alleged, inter alia, that the plaintiffs had expended considerable sums to remove all tenants and building violations, and had been ready to close on June 26, 2017. In its answer to the amended complaint, the defendant asserted counterclaims for the return of the deposit and for an award of attorneys' fees. The plaintiffs moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment on its counterclaims. The Supreme Court granted the plaintiffs' motion and denied the defendant's cross motion. The court determined that, notwithstanding the long delay between the dissolution of Lamarche Food and the contract of sale, Lamarche Food was authorized to sell the property in the winding up of its affairs, and that when the defendant demanded the return of its deposit on June 23, 2017, in effect, it anticipatorily breached the contract. The defendant appeals, arguing that the court erred in determining that it had anticipatorily breached the contract.
A dissolved corporation may continue to function for the purpose of winding up the affairs of the corporation (see Business Corporation Law § 1006). On appeal, the defendant does not dispute that Lamarche Food could continue to function for the purpose of selling the subject property as part of its winding up of the corporation's affairs. Rather, the defendant contends that its June 23, 2017, letter to the plaintiffs' attorney did not constitute an anticipatory breach of the contract of sale. "An anticipatory breach of contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [internal quotation marks omitted]). "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be positive and unequivocal'" (id. at 133, quoting Tenavision, Inc. v Neuman, 45 NY2d 145, 150). We agree with the Supreme Court's determination that the June 23, 2017, letter reflected a positive and unequivocal repudiation of the contract by the defendant (see Somma v Richardt, 52 AD3d 813, 814; Hegner v Reed, 2 AD3d 683, 684; R.C.P.S. Assoc. v Karam Devs., 258 AD2d 510, 511; Cooper v Bosse, 85 AD2d 616, 618), thereby, under the terms of the contract, entitling the plaintiffs to retain the deposit as liquidated damages for the defendant's anticipatory breach.
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court