Central Park Capital Group, LLC v Machin (2020 NY Slip Op 07348)





Central Park Capital Group, LLC v Machin


2020 NY Slip Op 07348


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-05511
 (Index No. 501558/16)

[*1]Central Park Capital Group, LLC, appellant,
v
Jeannette Machin, etc., et al., respondents.


Naidich Wurman LLP, Great Neck, NY (Kenneth H. Wurman of counsel), for appellant.
Kantrowitz, Goldhamer & Graifman, P.C., Chestnut Ridge, NY (Louis B. Gerber of counsel), respondent pro se and for respondent Jeannette Machin.



DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated May 9, 2019. The judgment, upon a decision of the same court dated September 18, 2018, made after a nonjury trial, inter alia, is in favor of the defendant Jeannette Machin and against the plaintiff dismissing the complaint and on that defendant's counterclaim to retain the down payment.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, a limited liability company, and the defendant Jeannette Machin entered into a contract for the "as-is" purchase of a building located in Brooklyn, which had been owned by Machin's now-deceased father. Following the Surrogate's Court's issuance of an order approving the sale of the property, Micha Reznik, the plaintiff's sole member, inspected the property a final time. Shortly thereafter, Reznik stated his unwillingness to proceed with the purchase of the property, and the plaintiff's attorney sent a letter to Machin's attorney demanding a cancellation of the contract and the return of the down payment held in escrow, alleging, in essence, that the property had been materially damaged since the signing of the contract. Machin refused, and the plaintiff then commenced this action, inter alia, to recover the down payment. The defendants answered the complaint and Machin asserted a counterclaim to recover damages for breach of contract, demanding retention of the down payment. Following a nonjury trial, the Supreme Court, among other things, found that the plaintiff had committed an anticipatory breach of contract, dismissed the complaint, found in favor of Machin on her counterclaim, and directed that Machin was entitled to retain the down payment. The plaintiff appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad of that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial judge had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). The Supreme Court's determination that the plaintiff committed an anticipatory breach of the parties' contract was warranted by the facts. "An anticipatory breach of contract by a promisor is [*2]a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [internal quotation marks omitted]). "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be 'positive and unequivocal'" (id. at 133, quoting Tenavision, Inc. v Neuman, 45 NY2d 145, 150). Here, contrary to the plaintiff's contention, the letter from the plaintiff's counsel demanding cancellation of the contract and a return of the down payment, reflected a positive and unequivocal repudiation of the contract by the plaintiff (see Lamarche Food Prod. Corp. v 438 Union, LLC, 178 AD3d 910, 912; Somma v Richardt, 52 AD3d 813, 814). Moreover, under the circumstances presented here, we find no basis to disturb the court's finding that the plaintiff failed to establish that its obligation to perform under the terms of the contract was voided, pursuant to General Obligations Law § 5-1311(1)(a)(1), due to a material destruction of the property (see generally Cathedral Props. Corp. v Cathedral Ct. Assoc., L.P., 177 AD3d 843, 848).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court