Xelo v Hamilton (2021 NY Slip Op 05364)





Xelo v Hamilton


2021 NY Slip Op 05364


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-04510 
2018-08343
 (Index No. 10146/08)

[*1]Fermin Xelo, et al., respondents,
v
Ena M. Hamilton, et al., appellants.


Michael Singer, New York, NY, appellant pro se and for appellant Ena M. Hamilton.



DECISION & ORDER
In an action to recover damages for breach of a contract for the sale of real property, the defendants appeal from (1) a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, Ct. Atty. Ref.), entered November 30, 2017, and (2) a clerk's judgment of the same court entered April 16, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated November 22, 2017, made after a nonjury trial, is in favor of the plaintiffs and against the defendant Ena M. Hamilton in the principal sum of $17,300 plus interest, directed the defendant Michael Singer to release to the plaintiffs certain funds from an escrow account, and dismissed so much of the counterclaim as sought a judgment declaring that the defendant Ena M. Hamilton was entitled to retain the plaintiffs' down payment. The clerk's judgment is in favor of the plaintiffs and against the defendant Ena M. Hamilton in the total sum of $35,402.83, a certain portion of which sum is to be paid to the plaintiffs from the funds held in escrow by the defendant Michael Singer.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, the clerk's judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment in favor of the defendants and against the plaintiffs dismissing the complaint and declaring that the defendant Ena M. Hamilton is entitled to retain the plaintiffs' down payment; and it is further,
ORDERED that the appeal from the clerk's judgment is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In November 2006, the plaintiffs (hereinafter the purchasers) entered into a contract to purchase residential real property from the defendant Ena M. Hamilton (hereinafter the seller) for $854,900. Pursuant to the contract, the purchasers paid a down payment of $15,000, which was deposited in the escrow account of the seller's attorney, the defendant Michael Singer. The contract provided that the closing was to occur on or about 60 days after the execution of the contract.
The purchasers subsequently obtained a mortgage commitment, which was valid until February 25, 2007; however, no closing was scheduled or occurred before that date, as the seller was unable to vacate the house. Further, a title report had revealed a violation on the property related to occupancy of the basement.
The purchasers obtained a second mortgage commitment for a smaller loan, and sought a reduction in the purchase price, which was rejected by the seller. When the purchaser applied for a third mortgage commitment, and the application was denied, the seller offered to cancel the contract on condition that she be permitted to retain $3,000 of the down payment to cover certain expenses relating to cancellation of the contract. The purchasers rejected this offer, declared the seller to be in breach of the contract due to her failure to vacate the premises and remove the violation on the property, and demanded the return of their down payment. The seller responded by setting a "time of the essence" closing. The purchasers indicated by letter from their attorney that they would not close and again demanded the return of their down payment.
The purchasers thereafter commenced this action, inter alia, to recover damages for breach of contract in the amount of their down payment and the cost of title reports, appraisals, and loan application fees, against the seller and Singer. The seller counterclaimed, inter alia, for a judgment declaring that she was entitled to retain the down payment. The matter proceeded to a nonjury trial, after which the Supreme Court determined that the purchasers were entitled to recover from the seller the sum of $17,300 plus interest, directed Singer to release to the purchasers the down payment held in escrow, and dismissed so much of the counterclaim as sought a judgment declaring that the seller was entitled to retain the down payment. The defendants appeal.
The Supreme Court erred in determining that the purchasers were entitled to a return of their down payment because the seller breached the contract by failing to "close on the property free of violations." Instead, the purchasers never placed the seller in default.
Unless a contract for the sale of real property makes time of the essence, "the law will allow the vendor and vendee a reasonable time to perform their respective obligations, regardless of whether they specify a particular date for the closing of title" (Grace v Nappa, 46 NY2d 560, 565; see Ashkenazi v Miller, 190 AD3d 668). "Where there is an indefinite adjournment of the closing date specified in the contract of sale, 'some affirmative act has to be taken by one party before [it] can claim the other party is in default; that is, one party has to fix a time by which the other must perform, and [it] must inform the other that if [it] does not perform by that date, [it] will be considered in default'" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389, quoting Royce v Rymkevitch, 29 AD2d 1029, 1030).
Furthermore, "[w]hile a vendee can recover his [or her] money paid on the contract from a vendor who defaults on law day without a showing of tender or even of willingness and ability to perform where the vendor's title is incurably defective, a tender and demand are required to put the vendor in default where his [or her] title could be cleared without difficulty in a reasonable time" (Martocci v Schneider, 119 AD3d 746, 748, quoting Cohen v Kranz, 12 NY2d 242, 246). Indeed, in the instant case, a rider to the contract of sale specifically provided that violations to be removed by the seller would not constitute objections to title, provided that the seller, at closing, deposited a sum sufficient to remedy the violations within 90 days from the date of closing.
The subject contract of sale did not set a definite closing date and the closing was effectively adjourned indefinitely when 60 days from the date of execution passed without a closing being scheduled. Yet, the purchasers never fixed a time by which the seller had to perform. Further, it was incumbent upon the purchasers to put the seller in default by tendering performance, demanding that the seller perform her obligations, and giving her a reasonable opportunity to cure the defects (see Ilemar Corp. v Krochmal, 44 NY2d 702, 703-704; Cohen v Kranz, 12 NY2d at 246; 1581 Franklin Steel, LLC v Mineola Garden City Co., Ltd., 135 AD3d 718, 718-719; Hegner v Reed, 2 AD3d 683, 685). Pursuant to the contract, the seller specifically had 90 days after closing to cure the violations, provided that she deposited sufficient funds at closing and that such condition was acceptable to the lender. Contrary to the Supreme Court's finding, nothing in the contract required the parties, prior to closing, to agree on, or hire an independent contractor to determine, the proper amount for deposit. Moreover, the self-serving and inconsistent testimony of one of the purchasers, without more, was insufficient to demonstrate that the purchasers' lender would not close unless the violations were cleared beforehand.
Accordingly, the Supreme Court erred in finding that the seller breached the contract of sale. Additionally, as the purchasers advised by letter prior to the "time of the essence" closing that they would not appear at the closing, they breached the contract and forfeited their down payment, without the necessity of a tender on the part of the seller (see Central Park Capital Group, LLC v Machin, 189 AD3d 984, 985-986; Hegner v Reed, 2 AD3d at 685). We therefore reverse the judgment insofar as appealed from and remit the matter to the Supreme Court, Queens County, for the entry of an amended judgment in favor of the defendants, dismissing the complaint, and, since the seller's counterclaim sought a declaratory judgment, declaring that the seller is entitled to retain the down payment (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court