Hegeman Plaza, LLC v Burgan (2022 NY Slip Op 03711)

Hegeman Plaza, LLC v Burgan

2022 NY Slip Op 03711

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11343
 (Index No. 512100/17)

[*1]Hegeman Plaza, LLC, appellant,
v
Euclid Burgan, et al., respondents.

Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellant.
Seon S. Emanuel, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 16, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment as damages for the plaintiff's anticipatory breach of contract and to cancel the notice of pendency, and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
Hegeman Plaza, LLC (hereinafter the buyer), entered into a contract of sale to purchase property from Euclid Burgan and Bernadette Burgan (hereinafter together the sellers). The transaction was intended to be part of a tax-deferred exchange pursuant to section 1031 of the Internal Revenue Code, and accordingly, the buyer agreed to cooperate with the sellers with regard to completing that exchange.
The day before the scheduled closing, the buyer sought to take title under a newly formed LLC, to which the sellers did not agree. The contract of sale contained a clause prohibiting its assignment without the written consent of the sellers. The buyer's attorney then indicated that if the sellers did not consent to the contract assignment and change their section 1031 exchange documents, the buyer would not cooperate with the sellers at the closing. The sellers thereafter cancelled the closing, and never rescheduled.
The buyer commenced this action seeking specific performance of the contract and return of the down payment. The sellers answered and asserted counterclaims alleging, inter alia, breach of contract and anticipatory breach of contract. In an order dated September 16, 2019, the Supreme Court granted the sellers' motion for summary judgment dismissing the complaint and on their counterclaim to retain the down payment as damages for the plaintiff's anticipatory breach of contract and to cancel the notice of pendency, and denied the buyer's cross motion for summary judgment on the complaint. The buyer appeals.
The sellers established their prima facie entitlement to judgment as a matter of law [*2]as to anticipatory breach of contract, and the buyer failed to raise a triable issue of fact in opposition. The buyer's attorney's statements were a positive and unequivocal expression of intent not to perform, constituting repudiation of a contractual duty before the time for its performance had arrived (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133). The sellers were thus relieved of their obligation of future performance and entitled to recover damages for breach of the total contract (see American List Corp. v U.S. News & World Report, 75 NY2d 38, 44; Central Park Capital Group, LLC v Machin, 189 AD3d 984). Furthermore, as section 12(c) of the contract entitles the sellers to retain the down payment upon termination of the contract due to the fault of the buyer, the down payment was properly awarded to the sellers.
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court