JP Pizza Eastport, LLC v Luigi's Main St. Pizza, Inc. (2025 NY Slip Op 02915)

JP Pizza Eastport, LLC v Luigi's Main St. Pizza, Inc.

2025 NY Slip Op 02915

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-02856
 (Index No. 617314/18)

[*1]JP Pizza Eastport, LLC, et al., appellants,
v
Luigi's Main Street Pizza, Inc., et al., respondents.

Barnes & Barnes, P.C., Melville, NY (Leo K. Barnes, Jr., and Ryan J. McMahon of counsel), for appellants.
Kelly & Hulme, P.C., Westhampton Beach, NY (James N. Hulme of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated March 22, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract and denied that branch of the plaintiffs' cross-motion which was for summary judgment on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Luigi's on Main, LLC (hereinafter Luigi's, LLC), owned certain real property located in Eastport (hereinafter the subject premises). The subject premises was a mixed-use property with a pizzeria business and residential apartments located thereon. The defendant Luigi's Main Street Pizza, Inc. (hereinafter Luigi's Pizza), operated the pizzeria business. The defendant Luigi Mondi was the sole principal of both Luigi's, LLC, and Luigi's Pizza. In July 2018, Luigi's Pizza sold the pizzeria business to the plaintiff JP Pizza Eastport, LLC (hereinafter JP Pizza). On or around the same date as the closing of the sale of the pizzeria business, Luigi's Pizza, as lessor, entered into a lease agreement with JP Pizza for a portion of the subject premises used for the operation of the pizzeria business. On or around July 16, 2018, the plaintiff 491 Montauk Highway Eastport, LLC (hereinafter Montauk Highway, LLC), entered into a contract to purchase the subject premises from Luigi's, LLC. JP Pizza and Montauk Highway, LLC, were related companies, sharing a common managing member. Pursuant to the contract, Montauk Highway, LLC, paid a down payment of $33,250, which was deposited into an escrow account. The contract provided that the closing was to occur on or around September 15, 2018. The contract required Luigi's, LLC, to deliver a "[c]ertificate of [o]ccupancy or other required certificate of compliance, or evidence that none was required, covering the building(s) and all of the other improvements located on the property authorizing their use as a commercial property with permit for restaurant, cottage and apartment rentals" at closing. The contract further provided that Luigi's, LLC, could adjourn the closing up to October 15, 2018, if necessary, in order to cure any defects or objections to title.
By letter dated August 22, 2018, the plaintiffs advised the defendants that they had discovered that the pizzeria business and the subject premises lacked "required approvals, permits, [*2]and licenses," declared all agreements entered into between the parties "void ab initio," and demanded the immediate return of the $33,250 down payment paid by Montauk Highway, LLC, in connection with the contract for the sale of the subject premises and the payment of certain monies allegedly expended by JP Pizza in connection with the purchase of the pizzeria business and the making of improvements to the subject premises. The plaintiffs further advised the defendants that JP Pizza would cease operations of the pizzeria business on the following day and that it would return the subject premises to Luigi's Pizza. JP Pizza vacated the subject premises and ceased operations in August 2018.
By letter dated August 27, 2018, the defendants responded that they would obtain any required certificates for the subject premises in accordance with the terms of the contract.
On September 4, 2018, the plaintiffs commenced this action asserting causes of action sounding in, among other things, fraud, rescission, and breach of contract. The complaint did not assert a cause of action seeking specific performance of the contract. The defendants interposed an answer, asserting, inter alia, an affirmative defense alleging that Montauk Highway, LLC, had repudiated the contract and that Luigi's, LLC, was entitled to retain the down payment as liquidated damages. In May 2019, several months after JP Pizza had vacated the subject premises and stopped paying rent, Luigi's, LLC, entered into a 10-year lease agreement for the subject premises with a third party. Thereafter, by letter dated November 25, 2019, the plaintiffs purported to schedule a time-of-the-essence closing for December 9, 2019.
After the completion of discovery, the defendants moved, among other things, for summary judgment dismissing the cause of action alleging breach of contract. The plaintiffs cross-moved, inter alia, for summary judgment on that cause of action. In an order dated March 22, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion and denied that branch of the plaintiffs' cross-motion. The plaintiffs appeal.
"The doctrine of anticipatory breach provides that a wrongful repudiation of the contract by one party before the time for performance . . . relieves the nonrepudiating party of its obligation of future performance and entitles that party to recover the present value of its damages from the repudiating party's breach of the total contract" (Fuoco Group, LLP v Weisman & Co., 222 AD3d 619, 621-622 [internal quotation mark omitted]; see American List Corp. v U.S. News & World Report, 75 NY2d 38, 44). "'For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be positive and unequivocal'" (Central Park Capital Group, LLC v Machin, 189 AD3d 984, 986 [internal quotation marks omitted], quoting Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133). "When one party to a contract commits an anticipatory breach, the nonbreaching party, must choose one of two options: either treat the contract as terminated and seek damages, or ignore the breach and wait for the breaching party to perform" (Contract Pharmacal Corp. v Air Indus. Group, 224 AD3d 873, 874; see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133).
Here, the defendants established their prima facie entitlement to summary judgment dismissing the cause of action alleging breach of contract. Pursuant to the contract, the defendants had until September 15, 2018, to obtain the requisite approvals and were entitled to extend that deadline to October 15, 2018. By declaring the contract void ab initio through their attorney's letter dated August 22, 2018, and demanding the return of the down payment, the plaintiffs anticipatorily breached the contract. In response, the defendants exercised their right to ignore the plaintiffs' breach and wait for them to perform (see Contract Pharmacal Corp. v Air Indus. Group, 224 AD3d 873, 874). The plaintiffs thereafter, and before the closing date, commenced this action seeking, inter alia, rescission of the contract. Notably, the plaintiff did not assert a cause of action for specific performance of the contract. In response, the defendants interposed an answer asserting, among other things, an affirmative defense alleging that Montauk Highway, LLC, had repudiated the contract and that Luigi's, LLC, was entitled to retain the down payment as liquidated damages. The plaintiffs' conduct, first by the letter declaring the contract void ab initio and demanding the return of the down payment, and then by the commencement of this action, amounted to a positive and unequivocal expression of their intent not to perform, and the defendants, under the terms of the [*3]contract, were entitled to retain the down payment as liquidated damages for the plaintiffs' anticipatory breach (see Lamarche Food Prods. Corp. v 438 Union, LLC, 178 AD3d 910, 912). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract and denied that branch of the plaintiffs' cross-motion which was for summary judgment on that cause of action.
The plaintiffs' remaining contentions are either without merit or not properly before this Court (see Gaetano Dev. Corp. v Lee, 121 AD3d 838, 840).
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court